UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS SMITH and | : | CASE NO.: 1:17-cv-00012-CCC |
| CARMEN ESGRO, as Trustees | : | |
| of the BRICKLAYERS & | : | |
| STONEMASONS LOCAL 5 | : | |
| ANNUITY  FUND, | : | |
|       Plaintiffs | : | |
|      v. | : | *Electronically Filed* |
| | : | |
| LAKEN MEEKS, | : | |
| KENNETH  WALTER KELLER | : | |
| and ROBERT P. KELLER, | : | |
|       Defendants | : | |

## <u>DEFENDANTS, KENNETH WALTER KELLER AND ROBERT P. KELLER'S, ANSWER WITH AFFIRMATIVE DEFENSES, COUNTERCLAIM AND CROSSCLAIM</u>

Defendants, Kenneth Walter Keller and Robert P. Keller, by and through the undersigned counsel, Answers the Complaint of the Plaintiff and asserts a Counterclaim against Plaintiffs Thomas Smith and Carmen Esgro, as Trustees of the  Bricklayers & Stonemasons Local 5 Annuity Fund and a Crossclaim against Defendant, Laken Meeks as follows:

1.      Denied as a conclusion of law to which no responsive pleading is required.

2.      Denied as a conclusion of law to which no responsive pleading is required.

3.     Denied as a conclusion of law to which no responsive pleading is required.

4.     Admitted upon information and belief.

5.     Admitted upon information and belief.

6.     Admitted upon information and belief.

7.     Admitted upon information and belief.

8.     Admitted upon information and belief.

9.     Admitted upon information and belief.

10.    Admitted upon information and belief.

11.    Admitted.

12.    Admitted.

13.    Admitted upon information and belief.

14.    Admitted upon information and belief.

15.    Admitted upon information and belief.

16.    Denied.    After reasonable investigation, Defendants, Kenneth Walter Keller and Robert P. Keller are without knowledge or information sufficient to admit or deny this allegation and therefore the allegations is denied.

17.    Admitted upon information and belief.

18.     Denied.     After reasonable investigation, Defendants, Kenneth Walter Keller and Robert P. Keller are without knowledge or information sufficient to admit or deny this allegation and therefore the allegations is denied.

19.     Admitted.

20.     Admitted.

21.     Admitted as to answering defendants.

## COUNT I - INTERPLEADER

22.     Paragraphs 1 through 21 are incorporated herein by reference as if fully set forth.

23.     Denied as a conclusion of law to which no responsive pleading is required.

24.     Denied as a conclusion of law to which no responsive pleading is required.

25.     Denied as a conclusion of law to which no responsive pleading is required.

26.     Admitted.

27. Admitted that the Fund seeks to deposit the money into the Registry of the Court.  It is denied that the Fund should be permitted to so as the Account is payable to Answering Defendants pursuant to the terms of the Plan.

## COUNT II – ATTORNEYS' FEES

28.     Paragraphs 1 through 27 are incorporated herein by reference as if fully set forth.

29.     Admitted in part.  Denied in part.  It is admitted only that counsel was retained by the Fund.  It is denied that the Fund is entitled to recover all of its reasonable and necessary attorneys' fees incurred in this action through a trial and any appeals thereof.

30.     Denied as a conclusion of law to which no responsive pleading is required.

31.     Denied as a conclusion of law to which no responsive pleading is required.

32.     Denied as a conclusion of law to which no responsive pleading is required.

## AFFIRMATIVE DEFENSES

33.     Paragraphs 1 through 32 are incorporated herein by reference as if fully set forth.

### First Affirmative Defense

34.     To the extent that any claim fails to state a claim on which relief can be granted, it should be dismissed.

4

### Second Affirmative Defense

35.      To the extent any claim is moot or not ripe for adjudication, that claim should be dismissed.

### Third Affirmative Defense

36.      To the extent plaintiff lacks standing with respect to any claim, that claim should be dismissed.

### REQUEST FOR RELIEF

Based upon these answers and affirmative defenses, the Defendants, Kenneth Walter Keller and Robert P. Keller respectfully request that the Court enter a judgment as follows:

     a.      Dismissing the Plaintiff's claim in its entirety and on the merits;

     b.      Order that the Defendants, Kenneth Walter Keller and Robert P. Keller are entitled to distribution of the Account of the Decedent pursuant to the terms of Section 9.02 of the Plan, divided equally among them;

     c.      Order that Defendant Laken Meeks has no entitlement to a distribution from the Account of the Decedent;

d.      Direct that the Fund be ordered to pay the Decedent's Account to Defendants Kenneth Walter Keller and Robert P. Keller, divided equally among them;

e.      Order that the Fund, after payment of the Decedent's Account to Defendants Kenneth Walter Keller and Robert P. Keller, be discharged from any further liability arising from the Decedent's Account or arising in any other manner because of the Decedent's death, and be dismissed from this action with prejudice;

f.      Order that the Defendants Kenneth Walter Keller and Robert P. Keller recover their costs and attorneys' fees in connection with this action;

g.      Order such other and further relief as it deems just and proper.

## COUNTERCLAIM

**KENNETH WALTER KELLER and ROBERT P. KELLER**
**vs.**
**THOMAS SMITH and CARMEN ESGRO, as Trustees of the**
**BRICKLAYERS & STONEMASONS LOCAL 5 ANNUITY FUND**

37.      Paragraphs 1 through 36 are incorporated herein by reference as if fully set forth.

## JURISDICTION

38.   This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §1132(e)(1) and/or 28 U.S.C. §1331 because this action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001, et seq. (hereinafter "ERISA").

39.   This Court has subject matter jurisdiction over this matter since Defendants/Counterclaim Plaintiffs, Kenneth Walter Keller and Robert P. Keller have standing to assert a cause of action pursuant to 29 U.S.C.A. § 1132(a)(1)(B) and 28 U.S.C.A. § 2201.  Further, this is a Declaratory Judgment action under Rule 57 of the Federal Rules of Civil Procedure.

## VENUE

40.   Venue lies in this District under 29 U.S.C. §1132(e)(2).

## PARTIES

41.   Plaintiff/Counterclaim Defendant, Bricklayers & Stonemasons Local 5 Annuity Fund (hereinafter the "Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

42.    Upon information and belief the Fund is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3).

43.    Plaintiffs/Counterclaim Defendants, Thomas Smith and Carmen Esgro, upon information and belief, are fiduciaries of the Fund within the meaning of 29 U.S.C. §1002(21) who exercise discretionary authority, control and responsibility in the management and administration of the Fund and in the disposition of its assets, and are authorized to bring this action on behalf of all Trustees of the Fund.

44.    Upon information and belief, the Fund is maintained and operated pursuant to the terms of an Amended and Restated Plan of Benefits (hereinafter the "Plan"), a copy of which is attached hereto as "**Exhibit A**" and incorporated herein by this reference as if fully set forth.

45.    Steven Howard Keller, deceased (the "Decedent"), was a Participant in the Fund as of his date of death of October 26, 2015.

46.    Defendant/Crossclaim Defendant, Laken Meeks (hereinafter "Meeks"), is an adult individual residing at 600 Cross Community Road, Bristol, Tennessee 37620-1528.

47.     Meeks is the Executrix of the Estate of the Decedent, Steven Howard Keller, pursuant to Letters Testamentary issued in the Chancery Court for Sullivan County at Blountville, Tennessee, on November 18, 2015.

48.     Defendant/Counterclaim-Crossclaim Plaintiff, Kenneth Walter Keller, is an adult individual residing at 2624 Somerville Court, Ft. Collins, Colorado 80526-5732, and brother of the Decedent at the time of his death.

49.     Defendant/Counterclaim-Crossclaim Plaintiff, Robert P. Keller, is an adult individual residing at 1913 Laurel Hill Road, Clarks Summit, Pennsylvania 18411-9540, and brother of the Decedent at the time of his death.

## FACTS

50.     The Decedent, as of his date of death, had an Account, as that term is defined in Section 1.01 of the Plan, in the Plan.

51.     Upon information and belief, the Fund's records reflect that, as of the Decedent's date of death, he did not have an Eligible Spouse, as that term is defined in Section 1.13 of the Plan, and therefore a death benefit was payable to his Beneficiary or Beneficiaries designated pursuant to Section 9.01 of the Plan.

52.     Section 9.01 of the Plan provides as follows:

> 9.01.  Designation of Beneficiary.  A Participant may designate a person or persons as a Beneficiary or Beneficiaries to receive the Death Benefits, if any, provided in accordance with the Plan, or any benefits due but not yet received by the Pensioner at the time of his or her death, by forwarding such designation to the Contract Administrator in a form acceptable to the Board

of Trustees.  Designated Beneficiaries other than individuals(s) are not acceptable; however, a trust or an estate may be a designated Beneficiary.  See also Plan Section 4.08(b) (spousal consent requirement at retirement) and 4.08(d) (preretirement surviving spouse pension) for limitations on beneficiary designations.  A Participant or Pensioner shall have the right to change his or her designation of Beneficiary without the consent of the Beneficiary, but no change shall be effective or binding on the Fund unless it is received by the Contract Administrator prior to the time any payments are made to the Beneficiary whose designation is on file with the Contract Administrator.  Any benefits due but not yet received by the Pensioner at the time of his or her death, shall be paid to the most recently designated Beneficiary filed with the Contract Administrator.   If such designated Beneficiary who has survived the Pensioner or Participant dies, and further payments are due for periods after the death, and no successor Beneficiary named by the Participant is still then living, such payments shall be made to the designated Beneficiary's survivor(s), as applicable, according to the order listed in Plan Section 8.02.

53.    It is believed that the reference to section 8.02 in section 9.01 of the Plan really refers to section 9.02 of the Plan.

54.    Section 9.01 of the Plan permits a Participant to designate a person or persons as a Beneficiary or Beneficiaries to receive the Death Benefits, if any, provided in accordance with the Plan, or any benefits due but not yet received by the Pensioner at the time of his death by forwarding such designation to the Contract Administrator in a form acceptable to the Board of Trustees.

55.    Section 9.01 of the Plan permits an estate to be a designated Beneficiary.

56.     At the time of the Steven Howard Keller's death, the Fund had no record that the Decedent ever provided to the Fund a Designation of Beneficiary or Beneficiaries pursuant to the terms of Section 9.01of the Plan.

57.     Section 9.02 of the Plan provides as follows:

> No Designated Beneficiary.  If a participant has not designated a Beneficiary or if there is no designated Beneficiary alive at the death of a Participant, any benefits due but not yet received by the Pensioner at the time of his or her death shall be payable to the person listed below in the order listed:
>
> (A)     to the Participant's Spouse;
>
> (B)     if no surviving Spouse, to the Participant's surviving children, divided equally among them;
>
> (C)     if no surviving Spouse or surviving children, to the Participant's surviving parents, divided equally between them;
>
> (D)     if no surviving Spouse or surviving children or surviving parents, to the Participant's surviving siblings, divided equally among them.
>
> If there are no survivors under (A) through (D) above, such benefits will not be paid to anyone, including an estate, and such amounts will be forfeited to the Fund.
>
>          ….

58.     As of October 31, 2016, the Account of the Decedent was valued at $107,491.94.

59.     The Decedent, at the time of his death, had no surviving Spouse.

60.     The Decedent, at the time of his death, had no surviving children.

61.     The Decedent, at the time of his death, had no surviving parents.

62.     The Decedent, at the time of his death, had two surviving siblings, Defendants, Kenneth Walter Keller and Robert P. Keller.

63.     Upon information and belief, the Fund received a claim from Defendant/Crossclaim Defendant Meeks seeking a distribution of the Account of the Decedent to the Estate of Steven Howard Keller.

64.     Upon information and belief, Defendant/Crossclaim Defendant Meeks, as Executrix of the Estate of Steven Howard Keller, submitted documents to the Fund in support of her claim asserting that the documents satisfy the terms of Section 9.01 of the Plan.

65.     Upon information and belief, the Fund has no record that the Decedent ever provided to the Fund a Designation of Beneficiary or Beneficiaries pursuant to the terms of Section 9.01 of the Plan.

66.     Pursuant to section 9.02 of the Plan, Death Benefits, if any, provided in accordance with the Plan, or any benefits due but not yet received by the Decedent at the time of his death are payable to the Defendants/Counterclaim-Crossclaim Plaintiffs, Kenneth Walter Keller and Robert P. Keller since the Decedent did not provide the Fund with a designated beneficiary, did not have a surviving spouse, surviving children, or surviving parents.

67.     Despite the fact that Defendant/Counterclaim Defendant Laken Meeks may have submitted a claim to the Fund for payment of benefits under the Plan, Laken Meeks, individually and/or as Executrix of the Estate of Steven Howard Keller, is not entitled to claim any of the benefits payable from the Fund because the Decedent, Steven Howard Keller never designated a person or persons or his Estate as a Beneficiary or Beneficiaries to receive the Death Benefits, if any, provided in accordance with the Plan, or any benefits due but not yet received by him at the time of his death.

68.     Defendant/Counterclaim-Crossclaim Plaintiff Kenneth Walter Keller, is the brother of the Decedent and pursuant to the terms of Section 9.02 of the Plan is entitled to a distribution from the Account since the Decedent did not have a surviving spouse, surviving children, or surviving parents.

69.     Defendant/Counterclaim-Crossclaim, is the brother of the Decedent and pursuant to the terms of Section 9.02 of the Plan is entitled to a distribution from the Account since the Decedent did not have a surviving spouse, surviving children, or surviving parents.

## COUNT I – DECLARATORY JUDGMENT

70.     Paragraphs 1 through 69 are incorporated herein by reference as if fully set forth.

71.    Pursuant to the Federal Declaratory Judgment Act, 28 USC § 2201, Defendants/Counterclaim Plaintiffs Kenneth Walter Keller and Robert P. Keller seek a determination of the parties' respective rights and obligations with regard to who is entitled to a distribution from the Account of the Decedent pursuant to the terms of Section 9.02 of the Plan.

72.    An    actual    and    substantial    controversy    exists    between Defendants/Counterclaim Plaintiffs and Plaintiff/Counterclaim Defendant as to who is entitled to a distribution from the Account pursuant to the terms of Section 9.02 of the Plan.

73.    This case is justiciable because Plaintiff/Counterclaim Defendant has failed to make distribution from the Account of the Decedent pursuant to the terms of Section 9.02 of the Plan.

74.    Declaratory relief will clarify the rights and obligations of the parties and is, therefore, appropriate to resolve this controversy.

## REQUEST FOR RELIEF

WHEREFORE, Defendants/Counterclaim Plaintiffs, Kenneth Walter Keller and Robert P. Keller request the following relief:

a.    That    this    Honorable    Court    declare    that    the Defendants/Crossclaim Plaintiffs, Kenneth Walter Keller and Robert P. Keller are entitled to distribution of the Account of the Decedent

pursuant to the terms of Section 9.02 of the Plan, divided equally among them;

b.     That this Honorable Court declare that Defendant, Laken Meeks has no entitlement to a distribution from the Account of the Decedent;

c.     That the Fund be ordered to pay the Decedent's Account to Defendants/Counterclaim Plaintiffs, Kenneth Walter Keller and Robert P. Keller, divided equally among them;

d.     That the Fund, after payment of the Decedent's Account to Defendants/Counterclaim Plaintiffs, Kenneth Walter Keller and Robert P. Keller, be discharged from any further liability arising from the Decedent's Account or arising in any other manner because of the Decedent's death, and be dismissed from this action with prejudice;

e.     That the Defendants/Counterclaim Plaintiffs, Kenneth Walter Keller and Robert P. Keller recover their costs and attorneys' fees in connection with this action;

f.     That this Court order such other and further relief as it deems just and proper.

## CROSSCLAIM

## KENNETH WALTER KELLER and ROBERT P. KELLER
## vs.
## LAKEN MEEKS

## COUNT I – DECLARATORY JUDGMENT

75.     Paragraphs 1 through 74 are incorporated herein by reference as if fully set forth.

76.     Pursuant to the Federal Declaratory Judgment Act, 28 USC § 2201, Defendants/Crossclaim Plaintiffs Kenneth Walter Keller and Robert P. Keller seek a determination of the parties' respective rights and obligations with regard to who is entitled to a distribution from the Account of the Decedent pursuant to the terms of Section 9.02 of the Plan.

77.     An actual and substantial controversy exists between Defendants/Crossclaim Plaintiffs and Defendant/Crossclaim Defendant as to who is entitled to a distribution from the Account pursuant to the terms of Section 9.02 of the Plan.

78.     This case is justiciable because Defendant/Crossclaim Defendant, seeks an entitlement to distribution of the Account of the Decedent in violation of Section 9.02 of the Plan.

79.     Declaratory relief will clarify the rights and obligations of the parties and is, therefore, appropriate to resolve this controversy.

## REQUEST FOR RELIEF

WHEREFORE, Defendants/Crossclaim Plaintiffs, Kenneth Walter Keller and Robert P. Keller request the following relief:

a. That this Honorable Court declare that the Defendants/Crossclaim Plaintiffs, Kenneth Walter Keller and Robert P. Keller are entitled to distribution of the Account of the Decedent pursuant to the terms of Section 9.02 of the Plan, divided equally among them;

b. That this Honorable Court declare that Defendant/Crossclaim Defendant, Laken Meeks has no entitlement to a distribution from the Account of the Decedent;

c. That the Fund be ordered to pay the Decedent's Account to Defendants/Crossclaim Plaintiffs, Kenneth Walter Keller and Robert P. Keller, divided equally among them;

d. That the Fund, after payment of the Decedent's Account to Defendants/Crossclaim Plaintiffs, Kenneth Walter Keller and Robert P. Keller, be discharged from any further liability arising from the Decedent's Account or arising in any other manner because of the Decedent's death, and be dismissed from this action with prejudice;

     c.     That the Defendants/Crossclaim Plaintiffs, Kenneth Walter Keller and Robert P. Keller recover their costs and attorneys' fees in connection with this action;

     d.     That this Court order such other and further relief as it deems just and proper.

Respectfully submitted,

/s/ Patrick A. Walsh
Patrick A. Walsh
Pa. I.D. No. 87931

715 N. State Street
Clarks Summit, PA 18411
Phone: (570) 585-7730
mail@patrickwalshlaw.com


/s/ Patrick J. Lavelle
Patrick J. Lavelle
Pa. I.D. No. 15473

715 N. State Street
Clarks Summit, PA 18411
Phone: (570) 585-7730
mail@lavellelaw.org

Attorney for Defendants, Kenneth Walter Keller and Robert P. Keller

## CERTIFICATE OF SERVICE

I, PATRICK A. WALSH, hereby certify that a true and correct copy of the foregoing Answer with Affirmative Defenses, Counterclaim and Crossclaim was served upon the following counsel of record via the court's electronic filing system, on this 27th day of January 2017:

Charles W. Johnston, Esquire
101 Erford Road, Suite 302
Post Office Box 98
Camp Hill, Pennsylvania 17001-0098


And via First Class, United States Mail, Postage Prepaid on Defendant,

Laken Meeks addressed as follows:

Laken Meeks
600 Cross Community Road
Bristol, TN 37620


/s/ Patrick A. Walsh
Patrick A. Walsh